IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

OCT - 9 2025

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:25-cr-284 |
| v. | Counts 1-7: 18 U.S.C. § 1343 (Wire Fraud) |
| WARITH DEEN MUHAMMAD, | Counts 8-9: 18 U.S.C. § 2314 (Travel Act) |
| *Defendant.* | Forfeiture Notice |
| | **Under Seal** |

# INDICTMENT

October 2025 Term — Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

## COUNTS 1 THROUGH 7
(Wire Fraud)

At all times relevant to this Indictment, unless otherwise stated:

### *General Allegations*

1. The defendant, WARITH DEEN MUHAMMAD ("the defendant" or "MUHAMMAD"), resided in the Eastern District of Virginia and the District of Maryland.

2. MUHAMMAD owned and operated Niagara Gold & Silver LLC (also referred to herein as "the Company"), which purported to be a retailer, wholesaler, and trader of precious metals, including gold and silver. Niagara Gold & Silver operated from a retail location in Alexandria, Virginia.

3. MUHAMMAD also owned and operated Niagara Funding LLC, which was used to collect investor funds for Niagara Gold & Silver.

1

4. MUHAMMAD represented to victim investors that he had extensive experience buying and selling precious metals for profit. He represented that victim investors' funds were safe and secure, claiming that he had a track record of success and that "[n]obody has ever lost a dime." In truth, MUHAMMAD was operating a Ponzi scheme and using victim investors' funds to pay back other investors, to induce new investments, and to pay for his own living expenses.

5. Unless otherwise specified, all dates referenced in this Indictment are on or about, and all monetary figures are approximate.

### *The Scheme and Artifice to Defraud and Its Objects*

6. Between approximately March 2019 and June 2023, in the Eastern District of Virginia and elsewhere, the defendant,

**WARITH DEEN MUHAMMAD**

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

7. It was the object of the scheme for MUHAMMAD to obtain funds from investors by knowingly making materially false representations and promises and by concealing material facts regarding the Company's business activity, the precious metals in its possession, expected investment returns, ability to repay investors, and use of investors' funds.

### *Ways, Manner, and Means of the Scheme*

8. The defendant executed the scheme through various ways, manner and means, including but not limited to:

9. MUHAMMAD fraudulently induced investments by falsely representing to certain investors that he possessed precious metals that he would deliver to them or a precious metal depository within a specified time frame. A precious metals depository is a secure, third-party storage facility designed to safeguard valuable precious metals like gold and silver.

10. MUHAMMAD fraudulently induced investments by falsely representing to certain investors that he would buy specified precious metals on their behalf, which he would either resell on their behalf or deliver to them or a precious metal depository.

11. MUHAMMAD fraudulently induced investments by falsely representing to certain investors that he would buy, trade, and sell specified precious metals on their behalf. He further falsely promised that these transactions would generate guaranteed profits, generally of 5 to 10%, that he would pay typically within 30 days.

12. MUHAMMAD provided some investors with agreements or contracts that made similar fraudulent representations.

13. MUHAMMAD falsely represented to certain investors that their investments were secure or risk free.

14. MUHAMMAD falsely represented to certain investors that they could not lose money because he would give them precious metals if he was unable to pay them back in fiat currency.

15. MUHAMMAD falsely represented to certain investors that the Company was financially healthy.

16. MUHAMMAD misrepresented how he would utilize investor funds, telling investors their funds would be used to purchase precious metals, such as gold and silver. In fact:

   a. MUHAMMAD paid certain investors with their own money to trick

      them into believing that their investments were profitable and secure.

   b. MUHAMMAD used investor funds to pay back other investors to lull them into believing that their investments were profitable and secure.

   c. MUHAMMAD used investor funds to pay for personal expenditures, including luxury vehicles, which he then used to promote the supposed success of his business.

17. When confronted by investors about the status of their investment, MUHAMMAD falsely promised that he would pay them back soon. He also told certain investors that if they brought in new clients that he would pay them back faster.

18. MUHAMMAD requested that investors sign non-disclosure agreements that would limit investors' ability to discuss and share information regarding their investment and investment losses with third parties.

19. MUHAMMAD sent photos to investors showing precious metals and falsely claimed that the metals had been purchased with their investments.

20. MUHAMMAD falsely blamed delays in paying investors on banking issues.

21. MUHAMMAD misled investors about the status of deals, falsely representing that he had purchased precious metals with investor money or had completed precious metal deals and was waiting to receive money.

### *Use of the Wires*

22. On or about the dates specified as to each count below, in the Eastern District of Virginia and elsewhere, the defendant,

**WARITH DEEN MUHAMMAD,**

for the purpose of executing, and in furtherance of, the aforesaid scheme and artifice to defraud

4

and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as more specifically described below, each count being a separate offense:

| Count | On or About Date | Description of Wire |
|---|---|---|
| 1 | November 22, 2021 | $125,000 transmitted from INVESTOR 1's Navy Federal Credit Union account to Niagara Funding's Burke & Herbert account (ending 3231) through servers inside the Eastern District of Virginia and outside Virginia. |
| 2 | July 7, 2022 | $60,000 transmitted from INVESTOR 2's Wells Fargo account outside Virginia to Niagara Funding's Burke & Herbert account (ending 3231) in the Eastern District of Virginia. |
| 3 | July 19, 2022 | $12,500 cashier's check from Niagara Funding's Burke & Herbert account (ending 3231) that was deposited in the Eastern District of Virginia to INVESTOR 1's TD Bank account outside Virginia. |
| 4 | September 8, 2022 | $100,000 transmitted from INVESTOR 3's Bank of America account in the Eastern District of Virginia to Niagara Gold & Silver LLC's JP Morgan Chase account (ending 6230) outside Virginia. |
| 5 | September 26, 2022 | $50,000 transmitted from INVESTOR 4's CNB Bank account outside Virginia to Niagara Funding's Burke & Herbert account (ending 3231) in the Eastern District of Virginia. |
| 6 | October 5, 2022 | $35,000 transmitted by INVESTOR 5 in the Eastern District of Virginia from INVESTOR 5's Navy Federal Credit Union account to Niagara Gold & Silver LLC's JP Morgan Chase account (ending 6230) outside Virginia. |
| 7 | January 3, 2023 | $40,000 transmitted from INVESTOR 6's Apple Federal Credit Union account in the Eastern District of Virginia to Niagara Gold & Silver LLC's JP Morgan Chase (ending 6230) outside Virginia. |

(All in violation of 18 U.S.C. § 1343.)

## COUNTS 8 THROUGH 9
(Travel Act)

THE GRAND JURY FURTHER CHARGES THAT:

23. The scheme and artifice to defraud described in Paragraphs 1 to 21 of this Indictment are realleged and incorporated by reference herein. On or about the dates shown below, in the Eastern District of Virginia and elsewhere, the defendant,

**WARITH DEEN MUHAMMAD,**

having devised and intending to devise the aforementioned scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, induced the persons identified below to travel in and to be transported in interstate commerce in the execution and concealment of the aforesaid scheme and artifice to defraud the persons identified below of money and property having a value of $5,000 or more, each count being a separate offense:

| Count | On or About Date | Investor | Description of Travel |
|---|---|---|---|
| 8 | July 2, 2022 | INVESTOR 7 | Maryland to Virginia |
| 9 | February 6, 2023 | INVESTOR 7 | Maryland to Virginia |

(All in violation of 18 U.S.C. 2314.)

## FORFEITURE NOTICE

THE GRAND JURY HEREBY FINDS PROBABLE CAUSE THAT:

Pursuant to Federal Rule of Criminal Procedure 32.2(a), defendant WARITH DEEN MUHAMMAD is hereby notified that upon conviction of any of the offenses alleged in Counts 1 through 9 of the Criminal Indictment, WARITH DEEN MUHAMMAD shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting or derived from proceeds traceable to the offense.

Pursuant to 21 U.S.C. § 853(p), WARITH DEEN MUHAMMAD shall forfeit substitute property, if, by any act or omission of WARITH DEEN MUHAMMAD the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 21 United States Code, Section 853(p); Title 28 United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

A TRUE BILL

Pursuant to the E-Government Act, The original of this page has been filed under seal in the Clerk's Office

FOREPERSON OF THE GRAND JURY

LINDSEY HALLIGAN
UNITED STATES ATTORNEY

*Jack Morgan* (signature)

Jack Morgan
Zoe Bedell
Assistant United States Attorneys

7