IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No.: 1:25-cr-284-RDA-1 |
| : | |
| WARITH DEEN MUHAMMAD, : | |
| : | |
| *Defendant.* : | |

**DEFENDANT MUHAMMAD'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO LIMIT REFERENCES TO ROBERT HIGGINS**

Warith Deen Muhammad, by and through undersigned counsel, respectfully submits this response to the government's motion in limine to limit references to Robert Higgins.

**DISCUSSION**

The government requested that this Court (1) limit cross-examination of the government's witnesses about Robert Higgins and his various business and legal problems and (2) require the defendant to proffer a good-faith basis before Mr. Muhammad is allowed to reference Higgins or his business and legal problems during opening statements, and in particular to claim that Higgins was responsible for the defendant's failures to pay his investors. The Court should deny the governments requests.

I. **LIMIT CROSS-EXAMINATION OF WITNESSES ABOUT HIGGINS AND HIS VARIOUS BUSINESS AND LEGAL PROBLEMS**

As a preliminary matter, the defendant is not required to spell out his defense in this posture. But even beyond that issue, counsel would only seek to elicit testimony on cross-examination that would be admissible. We do not know who the government plans to call or what

1

exhibits it will seek to admit, so we can only address the government's request from a hypothetical standpoint. However, testimony, through cross-examination or otherwise, about what information Mr. Muhammad told his investors that led the investors to act or fail to act in some way is directly relevant and it falls under the "effect on the listener" hearsay exemption, for example. Moreover, what Mr. Muhammad told investors is within the personal knowledge of those investors; we would not seek for an investor without personal knowledge of Mr. Muhammad's dealings with Mr. Higgins to testify about Mr. Muhammad's dealings with Mr. Higgins. Instead, we would only seek to inquire as to what was represented to the investor. The same logic and arguments apply to any relevant witness.

Further, cross-examination is appropriate if it falls within the scope of direct. Thus, if the government opens the door to the defense to explore the topic it seeks to preclude, it is fair game for the defense to inquire accordingly, regardless of any prior ruling by the Court.

Contrary to the government's suggestion, the testimony the government seeks to preclude goes to the very heart of Mr. Muhammad's case. Its probative value far exceeds any possible concerns about confusion, undue delay, or wasting time.[1]

Additionally, the rule of completeness may also come into play in our favor. However, without more specifics from the government, it is impossible to meaningfully weigh in further at this time.

Because the government failed to make its arguments with any specificity, we would ask the Court to make determinations on a question-by-question and/or witness-by-witness basis.[2]

---

[1] Of note, it is of no significance that the government may have to call for rebuttal witnesses the government would not otherwise call or elicit testimony on topics that it would not otherwise elicit is not relevant to the Fed. R. Evid. 403 analysis, despite the government's suggestion. Indeed, the Fed. R. Evid. 403 analysis pertains to prejudice that is undue, not minor inconveniences to the government.

[2] We reserve the right to further argue admissibility, including relevance.

## II. PROFFER A GOODFAITH BASIS BEFORE REFERENCING HIGGINS OR HIS BUSINESS AND LEGAL PROBLEMS DURING OPENING STATEMENTS

The government again seeks to elicit information about Mr. Muhammad's defense without a basis for doing so.

Counsel has no intention of referencing Higgins or his business and legal problems during our opening statement if we do not have a good faith basis for doing so. Counsel is still preparing for trial and taking investigative efforts and needs time to finalize our evidence. If the Court would prefer we provide a proffer as to such a representation if we ultimately decide to make such a representation, we hope to be able to identify information to proffer prior to or during the motions hearing on January 21, 2026.

Typically, it is ultimately up to the defendant's own peril if he cannot offer evidence at trial to support representations made during his counsel's opening statements. *See also United States v. Sloan*, 36 F.3d 386, 398 (4th Cir. 1994) (citation omitted) ("[W]hen 'an opening statement is an objective summary of evidence [counsel] reasonably expects to produce, a subsequent failure in proof will not necessarily result in a mistrial.'"); *Mares v. United States,* 409 F.2d 1083, 1085 (10th Cir. 1968) (the "law does not require that opening trial statements be completely supported by evidence introduced during the trial"), *cert. denied,* 394 U.S. 963, 89 S.Ct. 1314, 22 L.Ed.2d 564 (1969).

Respectfully submitted,

*/s/ Andrew M. Stewart            .*
Andrew M. Stewart
VSB # 68683
Sloane Stewart PLLC
10486 Armstrong Street
Fairfax, Virginia 22030
Telephone: 703-202-9690
Facsimile: 703-890-7242
Andrew@SloaneStewartLaw.com

Gregory T. Hunter, Esq.
VSB # 45489
2111 Wilson Boulevard, 8th Floor
Arlington, Virginia 22201
703-966-7226
Fax: 703-527-0810
greghunter@mail.com

Amy C. Collins, Esq.
D.C. Bar No. 1708316
Kalbian Hagerty LLP / The Law Office of
Amy C. Collins
888 17th Street, N.W., Suite 1200
Washington, D.C. 20006
(228) 424-0609
acollins@kalbianhagerty.com
amy@amyccollinslaw.com

*Counsel for Warith Deen Muhammad*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 9th day of January 2026, I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF system, which will send an electronic copy to the following:

Alexandra Zoe Bedell and Jack Morgan
Assistant United States Attorney
U.S. Attorney's Office, Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

                                              */s/ Andrew M. Stewart*     .
                                              Andrew M. Stewart
                                              VSB # 68683
                                              Sloane Stewart PLLC
                                              10486 Armstrong Street
                                              Fairfax, Virginia 22030
                                              Telephone: 703-202-9690
                                              Facsimile: 703-890-7242
                                              Andrew@SloaneStewartLaw.com

                                              Gregory T. Hunter, Esq.
                                              VSB # 45489
                                              2111 Wilson Boulevard, 8th Floor
                                              Arlington, Virginia 22201
                                              703-966-7226
                                              Fax: 703-527-0810
                                              greghunter@mail.com

                                              Amy C. Collins, Esq.
                                              D.C. Bar No. 1708316
                                              Kalbian Hagerty LLP / The Law Office of
                                              Amy C. Collins
                                              888 17th Street, N.W., Suite 1200
                                              Washington, D.C. 20006
                                              (228) 424-0609
                                              acollins@kalbianhagerty.com
                                              amy@amyccollinslaw.com

                                              *Counsel for Warith Deen Muhammad*